IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 13-00415 EAG |
| JOSE RAMON VEGA ARROYO | * | |
| | * | CHAPTER 13 |
| DEBTOR | * | |
| | | INDEX |
| ALFREDO CANCEL IRIZARRY | * | |
| MOVANT | | RELIEF OF STAY FOR CAUSE |
| | | |
| JOSE RAMON VEGA ARROYO | | |
| ALEJANDRO OLIVERAS RIVERA | | |
| CHAPTER 13 TRUSTEE | * | |
| | | |
| RESPONDENT(S) | | |
| | * | |

## MOTION FOR RELIEF OF STAY

**TO THE HONORABLE COURT:**

Comes Now, Alfredo Cancel Irizarry, through its undersigned counsel and very respectfully states and pray:

1. On January 23, 2013 debtor filed a bankruptcy petition under chapter 13 and Alejandro Oliveras Rivera was appointed as a chapter 13 trustee.

2. On June 3, 2010 movant filed Civil Case number ISCI201000833 before the Superior Court of Puerto Rico, Mayaguez Section. Copy of the complaint is herewith enclosed.

3. Said case is still pending and was stayed pending the outcome of the bankruptcy proceeding.

4. In said case movant basically alleges that the property which debtor claims as his, belongs to movant pursuant to a purchase agreement and that movant owes debtor the amount of $58,200.00.

5. The question of the ownership of said property cannot be solved by a chapter 13 plan, which as a matter of fact does not provide for the final determination of the above mentioned case.

6. Pursuant to 11 USC 362 (d) a party in interest may request the termination of the automatic stay for cause.

7. The lifting of the automatic stay is hereby requested in order to continue the pending case before the Superior Court for the final adjudication of the ownership of this property.

8. Debtor is not member of the US Armed Forces, the Coast Guard, the Public Health Service of the National Oceanic and Atmospheric Administration, as evidenced by the certificate issued by the U.S. Department of Defense, copy of which is attached only to the original of this motion and movant's copy.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the stay be lifted to continue the Mayaguez Superior Court proceeding.

**CERTIFICATE OF SERVICE: I HEREBY CERTIFY:** That on June 8, 2017 we electronically filed the foregoing using the CM/ECF system. Notice of this filing will be sent electronically though the CM/ECF System to Alejandro Oliveras Rivera, Chapter 13 Trustee and to Attorney for debtor, Nydia Gonzalez Ortiz and debtor José R. Vega Arroyo, P.O. Box 1654, Lajas, P.R. 00667 by regular mail.

In Mayaguez, Puerto Rico, this 8th day of June, 2017.

/s/Alberto O. Lozada Colón

**Alberto O. Lozada Colón**
**USDCPR 123811**

PO Box 430<br>
Mayaguez, PR 00681<br>
Tel. 787-833-6323 Fax 833-7725<br>
lozada 1954 @hotmail.com

## NOTICE TO ALL INTERESTED PARTIES

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any part against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In Mayaguez, Puerto Rico this 8th day of June, 2017.

/s/ Alberto O. Lozada Colón<br>
Alberto O. Lozada Colón<br>
USDCPR 123811<br>
PO Box 430<br>
Mayaguez, PR 00681<br>
Tel. 787-833-6323 Fax 833-7725<br>
lozada1954@hotmail.com

COMMONWEALTH OF PUERTO RICO
FIRST INSTANCE COURT
MAYAGUEZ SUPERIOR COURT

| | |
|---|---|
| ALFREDO CANCEL IRIZARRY; JESSICA SEDA CUPRILL and the Legal Society of Marital Property Integrated by Both<br><br>Plaintiffs<br><br>VS.<br><br>JOSÉ VEGA ARROYO<br><br>Defendant | CIVIL NO.: ISCI 2010 00833<br><br>#307 (illegible)<br><br>Nov/1/2013 2pm<br><br>RE:<br><br>BREACH OF CONTRACT, TORTS |

## COMPLAINT

**TO THE HONORABLE COURT:**

Appearing the plaintiffs through their legal representation that subscribes this and before this Honorable Court, respectfully, **EXPOSE, ALLEGE AND REQUESTS:**

### I. VENUE OF THIS HONORABLE COURT:

Pursuant to Act 3.4 of the Civil Procedures in effect, this Honorable Court has the faculty to hear in this civil action and to provide, among other things, that in this case the parties are entrepreneurs, societies, corporations and associations having office or agents in different locations, the complaint shall be submitted in the appropriate court... "the court of the location in which they have their operation's center, main office or agent, <u>or in the place in which they were bound to do so</u>." (underlining ours)

The present case is of breach of contract of a retroactive sales agreement in which the defendant was bound in Lajas, Puerto Rico and is in said jurisdiction where his Center of Operations is located.

## II. ABOUT THE PARTIES:

1. That plaintiffs, Alfredo Cancel Irizarry and Jessica Seda Caprill, are of legal age, married to each other, him an Entrepreneur, she a housewife, and residents of Lajas, Puerto Rico, with postal address PO Box 427, Lajas, Puerto Rico and residential address Colinas de la Parguera, Lot #1, Lajas, Puerto Rico, 00667.

2. That defendant, José Vega Arroyo, is of legal age, single, entrepreneur and resident of Lajas, Puerto Rico.

## III. BACKGROUND:

3. That by deed Number 5, subscribed in the City of Lajas, Puerto Rico, on March 25, 2008, before Notary Ada González Vega, defendant, José Vega Arroyo, agreed to sell to the plaintiffs the following property:

> Two level structure intended for business of 45' feet in front by 45' feet in depth, the first floor built in cement and the second is mixed wood, cement and with zinc roof located in the main Street La Parguera of Lajas.

(This property is not registered in the Real Estate Registry).

4. In accordance with the deed mentioned in the previous paragraph, in its third subsection, number one the defendant stipulated the following:

--ONE: That the first party Mr. José Vega Arroyo agrees to sell to the other party Mr. Alfredo Cancel and Jessica Seda Cuprill and these at the same time agree to buy, the building described above within the term of twelve (12) months from the date of the granting of this deed.

(Copy of said deed is attached and marked as Exhibit I)

5. That the parties agreed the sale price in the amount of TWO HUNDRED TWENTY FIVE THOUSAND DOLLARS ($225,000.00) of which defendant, José Vega Arroyo, initially received through several installments the amount of ONE HUNDRED FORTY TWO THOUSAND SEVEN HUNDRED DOLLARS ($142,700.00) in United States of America legal tender as an advance payment of the sale price.

6. Further, it was agreed between the parties, that within a term of twelve (12) months, counted from the date of September 15, 2007, defendant, José Vega Arroyo, may vacate the promise of sale and return to plaintiffs the amount of ONE HUNDRED FORTY TWO THOUSAND SEVEN HUNDRED DOLLARS ($142,700.00) previously stated. In case of expiration of the period of twelve (12) months without the defendant enforcing his right to retract, plaintiffs may demand the fulfillment of the promise of sale.

7. Later, through deed number eleven (11), subscribed in the City of Lajas, Puerto Rico, on June 27, 2008, before Notary Ada González Vega, defendant, José Vega Arroyo, confirmed again his promise of sale and received an additional payment of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00), ascending the partial payment made by the plaintiffs to the amount of ONE HUNDRED FIFTY FIVE THOUSAND TWO HUNDRED DOLLARS ($155,200.00). Once more, the parties agreed that defendant will have a period of twelve (12) months to return the money and break away from

his obligation of selling the property. (Copy of said Deed is attached and is marked as Exhibit II).

8. On August 28, 2008 through affidavit number 10,040 before Notary Ada González Vega, defendant José Vega Arroyo subscribed a document titled "ADDENDUM", in which he recognized having received an additional amount of FIVE THOUSAND EIGHT HUNDRED DOLLARS ($5,800.00) as an advance payment of the sale herein mentioned. (Copy of said Affidavit is attached hereto and marked as Exhibit III).

9. One year later, defendant, again, subscribed another document titled "SECOND ADDENDUM", in which he recognized having received an additional amount of FOUR THOUSAND DOLLARS ($4,000.00) as an advance payment of the sale hereby referenced. This document was notarized through affidavit number 10,453, before the Notary Public Ada González Vega in Lajas, Puerto Rico on August 25, 2009. (Copy of said Affidavit is attached hereto and marked as Exhibit IV).

10. In total, the defendant has received the amount of ONE HUNDRED SIXTY FIVE THOUSAND DOLLARS ($165,000.00) as advance payment for the property object of sale.

11. Even when it was clearly agreed between the parties, that in case that defendant, within the stipulated installment, did not exercise his right to retract from the sale, he would be bound to sell the property, he has declined to comply with the contracted agreement.

12. Defendant, José Vega Arroyo has been notified on several occasions as to the intention of plaintiffs to complete the sale agreed, but he has ignored the requirements by plaintiffs.

13. Plaintiffs have attempted, in good faith and in an extrajudicial manner to enforce their rights and for the agreements to be met, resulting in the refusal to comply from the defendant.

14. Plaintiffs claim from the defendant to allow the faithfully comply with his obligations, being up to defendant to subscribe the deed of sale of the structure object of this action.

15. That the actions by defendant have caused damages for plaintiffs that are reasonably estimated in the amount of $75,000.00.

16. In accordance with the agreements stipulated between the parties, in case of breach of the established conditions, defendant, José Vega Arroyo, agreed to the payment of all the attorney's expenses and fees of any legal claim.

17. In addition, under Regulation 44.1 of the Civil Procedure, the action that warrants the ordering of attorney's fees is "any that made necessary a lawsuit which could have been avoided, that its unnecessarily prolonged, or that produces the need for the other party to incur in avoidable actions" (Fernández Mariño v San Juan Cement Co., 118 DPR 713). The main goal of this rule is to punish the losing party, which by its stubbornness, obstinacy, frivolity or insistence – in an attitude devoid of basis – forces the other party, unnecessarily, to assume the hardship, expenses and inconvenience of a

lawsuit. With this mechanism the courts protect the honest litigants of impositions, delays and unnecessary expenses.

## IV. PRAYER

**IN WITNESS WHEREOF**, we request and pray of this Honorable Court to GRANT this Lawsuit, and in consequence:

a. To compel defendant to the specific fulfillment of the sales contract.

b. To order defendant to vacate the property and to refrain from entering and/or building On said property, as well as TO perform any other action of mastery or possession;

c. To condemn defendant for the damages that his breach has caused to the plaintiffs.

d. To impose on defendant the attorney's costs, expenses and fees in the amount of $20,000.00;

All of this and any other pronouncement deemed proper under the law.

In Lajas, Puerto Rico on May 22, 2010.

(Sgd.) illegible
Atty. Nasser Awad Taha Montalvo
65 de Infantería No.9, Upper level
PO Box 549
Lajas, Puerto Rico 00667
Telephone/Fax: (787)899-0017

TRANSLATOR'S NOTE: This document contains the initials of the subscribing attorney on the bottom right side of each of the pages.



COMMONWEALTH OF PUERTO RICO
FIRST INSTANCE COURT
MAYAGÜEZ SUPERIOR COURT

| | |
|---|---|
| ALFREDO CANCEL IRIZARRY, et. als. | CIVIL NO.: ISCI2010-00833 |
| Plaintiffs | ROOM: 307 |
| VS. | RE: |
| JOSÉ VEGA ARROYO | BREACH OF CONTRACT |
| Defendant | |

### ORDER REGARDING THE PROHIBITION OF ALIENATING PURSUANT TO REGULATION 56.1 AND 56.4 OF THE CIVIL PROCEDURE

**TO THE URGENT MOTION HEARING HELD REQUESTING THE PROHIBITION OF ALIENATING**, submitted by plaintiff in the present case, Mr. Alfredo Cancel Irizarry; having examined the records of the same, including the Lawsuit and the attached documents; having heard the arguments wielded in open Court on occasion of holding the Conference as to the Procedural State on October 25, 2011; in attention to the possibility that defendant may alienate the real estate and the current lawsuit becomes moot; **THIS COURT DECREES A PROHIBITION TO ALIENATE THE REAL ESTATE THAT IS DESCRIBED IN THE FOLLOWING MANNER:**

> "Two level structure intended for business of 45' feet in the front by 45' feet in depth, the first floor built in cement and the second is mixed wood, cement and with zinc roof located in the main Street La Parguera of Lajas, Puerto Rico".

This structure operates under the commercial name of "La Parguera Sport Bar".

It is further ordered, to defendant, **NOT TO DISPOSE OF ANY PROPERTY OR EQUIPMENT** existing inside of the establishment or business premises.

Defendant is admonished that non-compliance of this Order may entail being **HELD IN CONTEMPT** by the Court with the sanctions that our Legal System determines appropriate.

Plaintiff is exempt of providing bail as required by Regulation 56.3 of Civil Procedure inasmuch as the exemption of Paragraph (A) of said regulation applies hereto.

Inasmuch as this real estate property is not registered in the Real Estate Registry; the annotation of this prohibition in the Registry shall not be ordered.

The Clerk's Office is hereby Ordered to notify this Order to the postal address of defendant, as arises from the records of this case and to Atty. Taha.

TO BE NOTIFIED.

Issued in Mayagüez, Puerto Rico, today November 2, 2011.

(Sgd.)Hon. Marta Marchany Justiniano
Superior Court Judge

TRANSLATOR'S NOTE: This document is stamped in the top right area of the page. The stamp is illegible.



Department of Defense Manpower Data Center

Results as of : Jun-08-2017 05:37:56 AM

SCRA 3.0



## Status Report
### Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-9856
Birth Date:
Last Name: VEGA ARROYO
First Name: JOSE
Middle Name:
Active Duty Status As Of: Jun-08-2017

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: B7A2DC4AT559B20