**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-00415 (EAG) |
| JOSE RAMON VEGA ARROYO | CHAPTER 13 |
| DEBTOR. | FILED & ENTERED ON 8/13/2020 |
| _____ | |

**OPINION AND ORDER**

In 2006 the debtor, Jose Vega, agreed to sell to his business partner, Alfredo Cancel, a two-story commercial building in La Parguera for $225,000. Over the course of many months, Cancel paid to Vega $165,000 of the $225,000 purchase price. When the time finally came to close the sale, Vega refused to do so. In 2010 Cancel sued Vega for specific performance of the agreement. On January 23, 2013, Vega filed his tenth petition for relief under chapter 13 of the Bankruptcy Code. But, because his ninth case was dismissed less than one year before then and he did not move to extend the automatic stay, it expired on February 22, 2013.

The court confirmed Vega's chapter 13 plan on March 11, 2014. The expiration of the automatic stay allowed Cancel to obtain on March 27, 2017 a judgment against Vega, adjudicating the building to Cancel. Vega completed plan payments. On April 17, 2018, the order of discharge was entered in his case. The bankruptcy case was closed on May 7, 2018.

Over a year later Cancel moved to reopen the bankruptcy case so that he could enforce the judgment against the building. The court granted the motion to reopen. Now, for the reasons stated below, the court finds that neither the order confirming Vega's chapter 13 plan, nor the order of discharge prevents Cancel from executing his judgment against the

two-story commercial building in La Parguera. We also find that the state court judgment was not entered in violation of the section 362 automatic stay.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).[1]

## II. PROCEDURAL BACKGROUND

On January 23, 2013, Vega filed a petition for relief under chapter 13 of the Bankruptcy Code. [Dkt. No. 1.] In Schedule A, Vega listed two real properties in La Parguera, Lajas, Puerto Rico: (i) a house valued at $111,512.80 and (ii) a two-story commercial building valued at $200,000 on 324 square meters of land (the "building"). [Id. at p. 18.]

In schedule F, Vega listed Cancel as an unsecured creditor for $165,000 with the following description: "Debtor has been sued for a contract with option that expired" in case number ISCI2010-0083 before the Superior Court of Puerto Rico, Mayaguez Part. [Id. at p. 26.] Cancel was not listed in Schedule D as a secured creditor. [Id. at p. 23.] And the contract between Vega and Cancel was not listed as an executory contract in Schedule G. [Id. at. p. 27.] Cancel did not file a proof of claim in the case.

Vega's amended chapter 13 plan made no mention whatsoever of the contract with Cancel. [Dkt. No. 41.] The amended plan was confirmed on March 11, 2014. [Dkt. No. 47.]

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code" and "section" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

On March 12, 2014, Cancel moved the court under section 362(d) to modify the automatic stay so that he could prosecute to judgment the state court action for specific performance of the sale contract. [Dkt. No. 48.] On March 24, 2014, Vega opposed the modification of the stay. [Dkt. No. 55.] Neither party brought to the attention of the court that the automatic stay had expired, by operation of law, on February 22, 2013. On April 8, 2014, the court granted the motion for modification of the stay to allow the prosecution of the state court case to final judgment. [Dkt. No. 59.]

On April 15, 2014, Vega moved the court to set aside the order modifying the stay. [Dkt. No. 61.] On May 28, 2014, Cancel filed a certified English translation of the state court complaint. [Dkt. No. 65.] On June 30, 2014, Cancel replied to Vega's motion to set aside. [Dkt. No. 69.] On October 6, 2015, the parties filed a stipulation whereby Cancel agreed to withdraw the motion for modification of the stay and requested that the court set aside the order modifying the stay. [Dkt. No. 90.] The court approved the stipulation on November 4, 2015 and set aside the order modifying the stay. [Dkt. Nos. 93 & 94.]

On August 1, 2016, the chapter 13 trustee moved for dismissal of the case due to Vega's failure to make plan payments. [Dkt. No. 97.] Vega failed to oppose the motion to dismiss, and the court dismissed the case on October 3, 2016. [Dkt. No. 101.]

On October 18, 2016, Vega moved to reconsider of the dismissal order and filed a post-confirmation modification of the plan to cure the arrears. [Dkt. Nos. 103 & 104.] After the trustee filed an unfavorable report, Vega filed another post-confirmation modification of the plan on October 19, 2016. [Dkt. No. 107.] The trustee filed a favorable report on the post-confirmation modification. [Dkt. No. 109.] The court then set aside the dismissal order and approved the post-confirmation modification on November 16, 2016. [Dkt. Nos. 110 & 111.]

3

On February 7, 2017, Cancel filed another motion for relief from stay, which was opposed by Vega on February 13, 2017. [Dkt. Nos. 114 & 118.] On March 7, 2017, the court held a hearing and ordered the parties to file memoranda of law in support of their respective positions. [Dkt. No. 123.] A final hearing was scheduled for May 16, 2017. [Id.] On April 18 & 19, 2017 Cancel and Vega, respectively, filed their legal memoranda. [Dkt. Nos.  125 & 126.] On May 16, 2017, Cancel's attorney failed to appear at the final hearing and the second motion for relief from stay was denied without prejudice for failure to prosecute. [Dkt. No. 128.]

On June 8, 2017, Cancel renewed his motion for relief from stay. [Dkt. No. 131.] Cancel also re-filed his memorandum of law in support of the 362 motion. [Dkt. No. 133.] Vega replied on June 16, 2017. [Dkt. No. 140.] On July 6, 2017, the court held a preliminary hearing where Cancel requested a continuance of the hearing to August 17, 2017 and waived the 30-day determination period. [Dkt. No. 143.]

At the final hearing on August 17, 2017, the court ordered Cancel to file a memorandum of law by September 19, 2017 with the state court documents and Vega to respond by October 18, 2017. [Dkt. No. 148.]  The court continued the hearing to November 14, 2017. [Id.]

On August 21, 2017, Cancel's attorney filed a motion to withdraw as counsel. [Dkt. No. 147.]  On September 13, 2017, new counsel appeared on Cancel's behalf and requested an extension of time to file his memorandum of law. [Dkt. Nos. 150 & 151.] On November 8, 2017, Cancel filed his memorandum of law in support of the renewed motion for relief from stay. [Dkt. No. 160].  Cancel also filed a certified English translation of the state court judgment of March 27, 2017. [Dkt. No. 160-1.]

4

On November 13, 2017, the court ordered Vega to file a response to Cancel's memorandum of law within 30 days and scheduled a final hearing for January 30, 2018. [Dkt. No. 162.] On December 12, 2017, Vega filed his response. [Dkt. No. 164.]  At the hearing held on January 30, 2018, the court denied as moot Cancel's motion for relief from the automatic stay because the stay had expired on February 22, 2013, pursuant to section 362(c)(3).  [Dkt. Nos. 168 & 169.]

On April 17, 2018, the court entered the order discharging Vega. [Dkt. No. 175.] The bankruptcy case was closed on May 7, 2018.  [Docket No. 177.]

On July 19, 2019, Cancel moved the court to reopen the bankruptcy case and enter an order allowing him to execute the state court judgment. [Dkt. No. 179.] On September 9, 2019, Vega opposed the motion to reopen. [Dkt. No. 189.]

On December 19, 2019, after hearing arguments by the parties, the court reopened the case to the extent necessary to allow it to examine the extensive record in the bankruptcy and state courts and consider and rule upon the legal issues raised by the parties. [Dkt. No. 201.]  Vega was granted until February 13, 2020 to file a legal memorandum on the effect of the chapter 13 discharge and Cancel until March 5, 2020 to respond. [Id.]

On February 13, 2020, Vega filed his legal memorandum. [Dkt. No. 206.] After requesting an extension, Cancel replied on March 17, 2020. [Dkt. No. 211.]

**III. FINDINGS OF FACT**

Vega and Cancel had a passenger-transportation business in the La Parguera neighborhood of Lajas, Puerto Rico. [State Court Judgment ("SCJ"), Dkt. No. 160-1, p. 6, ¶1.] Vega owns a two-story commercial building in La Parguera. [SCJ, Dkt. No. 160-1, p. 6, ¶2.]

But he does not own the land where the building is located. [Id.]  And the land is not registered in the Property Registry of Puerto Rico. [SCJ, Dkt. No. 160-1, p. 1.]

In 2006, the parties began negotiations for the sale of the building to Cancel. [SCJ, Dkt. No. 160-1, p. 6, ¶3.]  The agreed-to purchase price of $225,000 was to be paid within one year. [Id.] During that year Vega could back out of the sale by returning to Cancel all the money advanced for the sale. [Id.]

On March 25, 2008 the parties executed deed number 5 of Promise of Sale and Retro Agreement before Notary Public Ada González Vega to memorialize the sale agreement.  [SCJ, Dkt. No. 160-1, p. 7, ¶4.]  The deed reset the clock on the one-year period during which Vega could backout of the sale and return the advanced monies to Cancel. [Id.]  After the expiration of the year, Cancel could demand the specific performance of the contract if Vega had not backed out of sale. [Id.] By the time deed number 5 was executed, Cancel had advanced several partial payments, totaling $142,700, to Vega. [SCJ, Dkt. No. 160-1, p. 7, ¶7.]

On June 27, 2008, the parties executed public deed number 11 of Ratification of Purchase Pledge with Retro Pact and Partial Payment before Notary Public González, which extended again the back-out period to August 2009. [SCJ, Dkt. No. 160-1, p. 8, ¶9.] According to the deed, Cancel also advanced an additional $12,500, for a total of $155,200. [Id.]

On August 28, 2008, Vega signed an Addendum acknowledging receipt of an additional $5,800 from Cancel toward the sale price. [SCJ, Dkt. No. 160-1, p. 8, ¶10.]  On August 25, 2009, Vega signed a Second Addendum acknowledging receipt of an additional $4,000, which increased the total amount received by him to $165,000. [SCJ, Dkt. No. 160-1, p. 8, ¶12.] These documents state that all terms and conditions of the original agreement

remain in effect. [SCJ, Dkt. No. 160-1, p. 8, ¶13.] No additional partial payments were advanced by Cancel to Vega after August 25, 2009. [SCJ, Dkt. No. 160-1, p. 8, ¶14.]

Cancel visited Notary Public González to request that Vega comply with the terms of the contract and close the sale. [SCJ, Dkt. No. 160-1, p. 9, ¶15.] Notary Public González told Cancel that Vega had no intention of closing the sale even though she informed him that Cancel was ready to complete the $225,000 purchase price. [Id.]

On May 22, 2010, Cancel sued Vega in the state court (Civil No. ISCI201000833) for breach of contract, specific performance, damages, and attorney's fees. [Complaint, Dkt. No. 65, pp. 1-7; SCJ, Dkt. No. 160-1, p. 1.] In the complaint, Cancel stated that he was willing to consign in state court the remaining $60,000 of the sale price. [Complaint, Dkt. No. 65-1, p. 6; SCJ, Dkt. No. 160-1, pp. 9-10, ¶22.]

On November 2, 2011, the state court issued an order prohibiting Vega from disposing or alienating the building or any of its equipment. [State Court Order, Dkt. No. 65-1, pp. 8-9.]

The state court entered judgment against Vega on March 27, 2017. [SCJ, Dkt. No. 160-1.] The judgment ordered Vega to transfer the building to Cancel. [Id. at 17.] If Vega failed to comply, the judgment ordered the marshal to execute the deed transferring the building to Cancel. [Id.] It also ordered Cancel to consign simultaneously in state court the outstanding $60,000 to complete the $225,000 purchase price. [Id.] The state court denied the damages claim because Cancel had withdrawn it prior to the trial. [Id.] Cancel was also awarded $1,000 in attorney's fees and legal costs. [Id.]

On December 14, 2017, Vega asked the state court to vacate its judgment on the ground that the state court did not have jurisdiction to enter the judgment without the prior

7

authorization of the bankruptcy court. [State Court Resolution and Order dated August 22, 2018, Dkt. No. 196-1, p. 1.]  The state court on August 22, 2018 denied both Vega's request to vacate the judgment and Cancel's request to execute it until this court decides the effect, if any, of the automatic stay and the confirmation and discharge orders on the contract to sell the building. [Id. at 16.]  The state court also ordered the Clerk of Court to return to Cancel the $60,000 he had consigned previously in court to close the sale. [Id.]

### IV. APPLICABLE LAW AND DISCUSSION

Vega attacks the validity of the state court judgment on three fronts.  First, he argues that the state court judgment was entered in violation of the section 362 automatic stay. Second, Vega asserts that the state court judgment conflicts with the confirmation order and the latter is entitled to res judicata.  Third, he argues that the state court judgment was discharged by the subsequent discharge order.  We address all three grounds below.

#### a. Section 362 automatic stay.

Vega agrees that the automatic stay terminated on February 22, 2013 by the operation of section 362(c)(3)(A). But Vega argues that it terminated only as to himself and his exempt, non-estate property. [Dkt. No. 189, pp. 9-10.] He contends that the automatic stay continued to protect the property of the bankruptcy estate after February 22, 2013, including the building in La Parguera. [Id.]  This distinction was supported by non-binding case law from the Bankruptcy Appellate Panel for the First Circuit, Jumpp v. Chase Home Fin., LLC (In re Jumpp), 356 B.R. 789 (B.A.P. 1st Cir. 2006).  However, the court of appeals, in a decision binding on this court, overruled In re Jumpp in Smith v. Me. Bureau of Revenue Servs. (In re Smith), 910 F.3d 576, 591 (1st Cir. 2018) ("[Section] 362(c)(3)(A) terminates the entire automatic stay—as to actions against the debtor, the debtor's property, and

8

property of the bankruptcy estate—after thirty days for second-time filers."). And the decision in Smith applies to this case. See, Crowe v. Bolduc, 365 F.3d 86, 93 (1st Cir. 2004) ("As a general rule, judicial decisions are retroactive in the sense that they apply both to the parties in the case before the court and to all other parties in pending cases."). Thus, Vega's attack of the state court judgment on the basis of the section 362 automatic stay is without merit.

### b. Order confirming chapter 13 plan.

Vega argues that the order confirming the chapter 13 plan binds Cancel to the provisions of the plan and, thus, bars Cancel from seeking any remedy for his pre-petition claim other than the one provided by the plan. [Dkt. No. 206, p. 7.] Vega believes that the provisions of his plan, confirmed in March 2014 and modified in November 2016, are in direct conflict with the subsequent state court judgment, entered in March 2017. As such, he argues that the state court judgment is unenforceable. Again, this argument is without merit.

When two now final and unappealable judgments or orders are in conflict, the one last in time—not the first—is the one entitled to res judicata effect. "Courts in the United States do not follow a 'first in time' rule, . . . but rather a 'last in time' rule." In re Aurora Commer. Corp., No. 19-10843 (SCC), 2020 Bankr. LEXIS 17, at *23 (Bankr. S.D.N.Y. Jan. 2, 2020) (citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988) and Americana Fabrics, Inc. v. L & L Textiles, Inc., 754 F.2d 1524, 1526 (9th Cir. 1985)). "Where there are two inconsistent judgments and each would be entitled to preclusive effect if it stood alone, the later judgment controls in a third action." Aurora Commer., 2020 Bankr. LEXIS at *23 (quoting In re Gates, 187 B.R. 426, 430 (Bankr. N.D.N.Y. 1995)). "This is true even if a court

believes that the later decision was wrong." Id. (citing Robi v. Five Platters, 838 F.2d at 322).

As the March 2017 state court judgment is last in time, it controls here.[2]

We note that Vega would have had to initiate an adversary proceeding for this court to "determine the validity, priority, or extent of a lien or other interest in . . ." the building. Fed. R. Bankr. P. 7001(2).[3]  And, that "[l]ocal law ordinarily dictates the existence and extent of an entity's interest in property." Soto-Rios v. Banco Popular de P.R., 662 F.3d 112, 117 (1st Cir. 2011).  So, even if Vega had filed an adversary proceeding asking this court to determine the existence or not of Cancel's interest in the building, the most likely result would have been that this court would have abstained, under 28 U.S.C. § 1334(c), to allow the state court to resolve the dispute.

### c.  Order discharging Vega.

Cancel asks the court to allow him to execute against the building the judgment which adjudicated the building to him prior to the discharge order.  This is accomplished by a ministerial act: the signing by the marshal of a deed transferring title to Cancel.  Vega asserts that the state court judgment was discharged by the subsequent order of discharge pursuant to sections 1328(a) and 524(a).  The discharge order "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor[.]" 11 U.S.C. § 524(a).  But because the state court judgment was a determination only as to title over the building and Cancel seeks permission to exercise only the in rem remedy

---

[2] We need not reach and decide the issue of whether the confirmation order is inconsistent with the state court judgment.

[3] As Vega did not bring Cancel within the jurisdiction of this court by serving summons on him in an adversary proceeding and Cancel did not file a proof of claim, we question whether the court ever had jurisdiction to quiet title over the building.

of the judgment against the building, the discharge order does not void the state court judgment.

"In general, a discharge in bankruptcy does not affect any in rem rights that a creditor may have against the debtor's property. Rather, a discharge only extinguishes the debtor's personal liability on a claim." In re Tucker, 516 B.R. 340 (Bankr. W.D. Va. 2014) (citing Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem.").

**VI. CONCLUSION**

In view of the above, the court finds that the state court judgment did not violate the automatic stay.  The court also finds that neither the orders confirming or modifying Vega's chapter 13 plan nor the discharge order prevents Cancel from executing the state court judgment against the two-story commercial building in La Parguera.

In Ponce, Puerto Rico, this 13th day of August 2020.

Edward A. Godoy
U.S. Bankruptcy Judge